DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BARBARA BALFOUR, et al.,**

                              **Plaintiffs,**

                                                      **CIVIL ACTION**

**v.**

                                                 **No. 05-2086-KHV-DJW**

**MEDICALODGES, INC.,**

                              **Defendant.**

## MEMORANDUM AND ORDER

A telephone hearing was held on July 20, 2005 regarding Defendant's Motion for Protective Order (doc. 8). Plaintiffs appeared through counsel Mark A. Jess. Defendant appeared through counsel S. Douglas Mackay. This Order will memorialize the Court's oral rulings.

**I.**       **Background Information**

This case arises out of Plaintiffs' employment with Defendant at the Alzheimer's Center of Kansas City. Plaintiffs assert claims for wrongful discharge and/or demotion in violation of Kansas public policy, age discrimination, race discrimination and retaliation, disability discrimination, retaliatory discharge under the Employee Retirement Income Security Act, and common law fraud.

In its Motion for Protective Order, Defendant asserts that Plaintiffs have made slanderous remarks to the media regarding Defendant and its employees. Several Plaintiffs have appeared on television and picketed the Alzheimer's Center of Kansas City, allegedly making false accusations against Defendant and its staff regarding the treatment of Defendant's patients. Defendant contends that Plaintiffs have engaged in this conduct with the knowledge and approval of their counsel. Defendant argues that these acts are

materially prejudicial to this proceeding and that Plaintiffs' counsel have therefore violated Rule 3.6 of the Kansas Rule of Professional Conduct.  Defendant moves for an order directing Plaintiffs' counsel to conform to the Kansas Rules of Professional Conduct and to refrain from continuing or encouraging such acts.

## II.     Applicable Rules of Professional Conduct

This Court has adopted the Rules of Professional Conduct, as adopted and amended by the Kansas Supreme Court, as the rules governing the conduct of attorneys in this Court.[1]   Kansas Rule of Professional Conduct 3.6 ("KRPC 3.6") prohibits a lawyer from making an extrajudicial statement "that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding."[2]   An extrajudicial statement is considered likely to have such an effect when it refers to a civil matter and it "relates to . . . the character, credibility, reputation or criminal record of a party, suspect in a criminal investigation or witness, or the identity of a witness, or the expected testimony of a party or witness."[3]

## III.    Analysis

Defendant moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c).  Defendant seeks a protective order directing Plaintiffs' counsel to conform to KRPC 3.6, to refrain from

---

[1]*See* D. Kan. Rule 83.6.1(a).

[2]KRPC 3.6(a).

[3]KRPC 3.6(b)(1).

making any extrajudicial statements in violation of the Rule, and to refrain from encouraging Plaintiffs from making similar statements.

The Court holds that Rule 26(c) does not provide for such relief, as it applies only to discovery issues. Rule 26 is entitled "General Provisions Governing Discovery; Duty of Disclosure." Subsection (c) "empowers the court to make a wide variety of orders for the protection of parties and witnesses *in the discovery process.*"[4] It allows a court to enter any order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in the course of discovery.[5]

Defendant's motion seeks no such relief in the discovery process. The alleged statements and actions by Plaintiffs and their counsel have not been made in the course of discovery in this case, and, thus, Rule 26(c) is simply inapplicable. What Defendant is really seeking is injunctive relief that this Magistrate Judge does not have the authority to enter.

While all counsel who have entered an appearance in this care are subject to the Kansas Rules of Professional Conduct, this Court does not discipline attorneys through a motion for protective order or motion for injunctive relief. Rather D. Kan. Rule 83.6.3 provides the proper procedure to be followed by "[a]ny person seeking to complain against an attorney practicing in this court for any cause or conduct which may justify disciplinary action."[6] All complaints are to be filed with the Clerk of the Court in Kansas

---

[4]Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, 8 *Federal Practice and Procedure* § 2035 at p. 474 (2d ed. 1994) (emphasis added).

[5]Fed. R. Civ. P. 26(c).

[6]D. Kan. Rule 83.6.3(b).

City, Kansas, and will be referred by the Clerk to the Disciplinary Panel for whatever action that is required or authorized by D. Kan. Rule 83.6.3.[7]

In addition, a complaint may be filed with the Kansas Disciplinary Administrator.  The Kansas Supreme Court has ruled that the Disciplinary Administrator has jurisdiction to hear  allegations that an attorney has violated the Kansas Rules of Professional Conduct in conjunction with a case filed in the United States District Court for the District of Kansas.[8]

## IV.    Conclusion

A Rule 26(c) motion for protective order is not the proper vehicle to seek an order requiring Plaintiff's counsel to comply with KRPC 3.6.  If Defendant believes that Plaintiff's counsel have violated Rule 3.6 the proper procedure for Defendant to follow is to file a complaint with the Clerk of the  Court under D. Kan. Rule 83.6.3 and/or file a complaint with the Kansas Disciplinary Administrator.  In light of the foregoing, the Court must deny Defendant's Rule 26(c) Motion for Protective Order

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (doc. 8) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 22nd day of July 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

---

[7]*Id.*

[8]In the Matter of Kris Lynn Arnold, 274 Kan. 761, 762, 56 P.3d 259 (2002).

4

cc:     All counsel and *pro se* parties