IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARBARA BALFOUR, PATRICIA CLAYBORN, HAZEL LAMBERT, JULIE TIEMANN, RHONDA WILLIAMS, BETTY MATTHEWS, WANDA HARRIS, LISA IVORY, ANEESAH FRAZIER, BOBBIE ALLEN, SHEILA WILLIAMS MUTURI, JESSIKA RUSSELL, KATHERINE SMYTHE, MIA CURNAL, BARBARA GATSON, and SHANE COCKRUM,<br><br>Plaintiffs,<br>v.<br><br>MEDICALODGES, INC.,<br><br>Defendant. | Case No. 05-CV-2086 KHV/DJW |

## STIPULATED PROTECTIVE ORDER

For good cause shown, the Court grants the parties' Joint Motion for Entry of Agreed Protective Order (doc. 54) is granted. Plaintiffs, Barbara Balfour, Patricia Clayborn, Hazel Lambert, Julie Tiemann, Rhonda Williams, Betty Matthews, Wanda Harris, Lisa Ivory, Aneesah Frazier, Bobbie Allen, Sheila Williams Muturi, Jessika Russell, Katherine Smythe, Mia Curnal, Barbara Gatson, and Shane Cockrum, ("Plaintiffs"), and Defendant, Medicalodges, Inc. ("Defendant"), by their respective counsel, having stipulated to the terms of this Order, and the Court being fully advised in the premises, it is hereby **ORDERED**:

    1.  **Purpose of Order**. The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from

annoyance and embarrassment. Discovery in this case does seek private information concerning both parties and nonparties, including, for example, but not limited to, Plaintiff's confidential medical records, tax information and other private documents regarding Plaintiff's income, confidential matters concerning Defendant's policies, procedures, and training, the personnel files of current and/or former employees of Defendant, and documents concerning Defendant's income, revenue, net worth and income tax returns. The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, and the above-described documents, reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact certain persons' personal and/or work relationships.

    **2.**    **Confidential Information**. The parties have agreed that certain categories of documents and information, if produced or disclosed for any reason or in any manner during this litigation, shall be used only for purposes of this lawsuit and shall be treated as confidential. The parties have further agreed that this shall include, but is not necessarily limited to, information relating to the following topics.

        A.  "Medical Records" of Plaintiff, which term shall refer to: (1) health care provider records and statements, specifically including psychiatric, psychological and counseling records involving the health, treatment and well being of Plaintiff; (2) hospital records; (3) billing statements; and (4) any other records or statements involving the health, treatment and well being of Plaintiff.

B. "Financial Records" of the parties, which term shall refer to: (1) tax returns; (2) financial statements; (3) salary information, records or schedules; (4) records pertaining to bank accounts; and (5) any other records or statements containing financial information of the parties to their employees.

C. "Personnel Records," which term shall refer to files or records relating to personnel or employment matter of current or former employees of Defendant, including, but not limited to, the following: (1) personnel files; (2) personal and/or employment history information; (3) statements of job duties and/or responsibilities; (4) performance evaluations; (5) disciplinary records; (6) information relating to pay and/or fringe benefits; and (7) any other information pertaining to individual employees' employment with Defendant.

D. The internal policies, practices, and/or operations of Defendant.

E. Documents relating to or referencing any of Defendant's patients or clients, or the agents or representatives of such patients or clients.

F. Any other information which is private in nature and which may have the effect, if not deemed to be confidential, of embarrassing, humiliating or otherwise invading the privacy of a party. The fact that information has been or may need to be contained in a pleading filed with the Court shall not be deemed a waiver of the parties' ability to identify such information as confidential when such information is contained within discovery responses, documents produced, or depositions.

G. The Parties agree that records produced in this matter may be marked "Confidential Attorneys' Eyes Only." A document so marked may be viewed only by counsel, one designated corporate representative and an expert witness, provided they agree that they will

be bound by the terms of the protective order.  Nothing in this paragraph shall be construed to prevent the use medical information or records for the defense or prosecution of this matter.

    **3.**  **Designating documents and interrogatory answers as confidential**.  Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential."  Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order.  The inadvertent failure to designate materials as "Confidential" does not preclude protection of the document hereunder if the document is otherwise covered by the scope of this Order.  Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated herein may be designated as Confidential Information.  Parties to this action may also designate deposition testimony relating to the subjects enumerated herein as "Confidential Information" by advising opposing counsel of record, in writing, within fifteen (15) days after the receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes are protected under this Order. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

    **4.**  **Disclosure of Confidential Information**.  Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except as

agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

    (a)    The parties;

    (b)    Their counsel, counsel's legal and clerical assistants and staff;

    (c)    Persons with prior knowledge of the documents or the Confidential information contained therein;

    (d)    Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

    (e)    Any independent document reproduction services or document or video recording and retrieval services; and

    (f)    Any expert witness or outside consultant retained or consulted by the parties.

Counsel shall advise all persons and entities set forth in subsections (e) and (f) of this paragraph of the existence of this Order and such persons shall agree, by way of a signed writing, to be bound by this Order prior to sharing any Confidential Information with them.

    **5**.    **Disputes Concerning Designation(s) of Confidential Information**.  In the event that any party to this action disagrees at any stage of proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court.

6. **Binding Effect of This Order.** This Order is binding upon the parties, their agents and employees, all counsel for the parties and counsel's agents and employees, and all persons to whom documents, discovery materials, or testimony are disclosed or produced.

7. **Use of Confidential Information.** The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing them in the public record in this case. If a party wishes to use any confidential information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal only upon separate, specific motion and later order of the Court. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in the trial of this case. The parties do not waive any right to object at trial to the admissibility of any document which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine in regard to the use of any such documents during the trial of this matter.

8. **Return of Confidential Information.** At the conclusion of this litigation the parties' respective counsel shall, within six (6) months and upon written request by the other party, return all documents within the scope of this Order, including all copies. If respective counsel fails to make a written request for the return of documents within six (6) months of the conclusion of this litigation, their right to do so is waived, and other counsel may destroy such records at their option. The parties, however, retain the right to keep any documents that were admitted as exhibits in this case. Waiver by a party of the right to have confidential documents returned does not waive the confidentiality provisions of this Order.

9. **Certification.** Pursuant to agreement between the parties that a protective order would be entered in this case, Counsel for both parties certify that, while awaiting the approval

of a protective order, information provided by the opposing party has not been disclosed to any individual not employed by each party's respective law firm.

IT IS THEREFORE ORDERED that the parties' Joint Motion for Entry of Agreed Protective Order (doc. 54) is GRANTED.

IT IS SO ORDERED.

Dated this 6th day of December, 2005.

>s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

APPROVED AS TO FORM AND CONTENT:

/s/ Kevin Koc
Mark A. Jess, #16525
Kevin Koc, #77943
Employee Right Law Firm
Law Offices of Mark A. Jess, LLC
1600 Genesse, Suite 842
Kansas City, MO 641025639
Phone:   (816) 474-4600
Fax:   (816) 474-4601
Email:   Kevin.koc@employeerightslawfirm.com
Attorneys for Plaintiff


/s/ S. Douglas Mackay
Alan L. Rupe #08914
S. Douglas Mackay#16788
Kutak Rock LLP
   8301 East 21st Street North, Suite 370
   Wichita, KS  67206-2935
   Phone: (316) 609-7900
   Fax:   (316)630-8021
E-mail   alan.rupe@kutakrock.com
doug.mackay@kutakrock.com
Attorneys for Defendant