## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BARBARA BALFOUR, et al.** | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. 05-2086-KHV |
| | ) | |
| **MEDICALODGES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Barbara Balfour, Patricia Clayborn, Hazel Lambert, Julie Tiemann, Rhonda Williams, Betty Matthews, Wanda Harris, Lisa Ivory, Aneesah Frazier, Bobbie Allen, Sheila Williams Muturi, Jessika Russell, Katherine Smythe, Mia Curnal, Barbara Gatson and Shane Cockrum filed suit against Medicalodges, Inc., alleging wrongful discharge and/or demotion in violation of public policy under Kansas law; age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*; race discrimination and retaliation in violation of 42 U.S.C. § 1981; disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*; retaliatory discharge under Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140; and common law fraud. This matter comes before the Court on defendant's Motion For Partial Dismissal For Failure To State A Claim (Doc. #44) and Motion To Dismiss Count V Of Plaintiffs' Complaint (Doc. #46), both filed September 21, 2005. For reasons stated below, the Court sustains the motions.

### Standards For Motions To Dismiss

In ruling under Rule 12(b)(6), the Court accepts as true all well-pleaded facts in the complaint and

views them in a light most favorable to the non-moving party. Zinermon v. Burch, 494 U.S. 113, 118 (1990); Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001). The Court makes all reasonable inferences in favor of the non-moving party, and liberally construes the pleadings. Fed. R. Civ. P. 8(a); Lafoy v. HMO Colo., 988 F.2d 97, 98 (10th Cir. 1993). The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of its theories of recovery that would entitle it to relief or when an issue of law is dispositive. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan., 927 F.2d 1111, 1115 (10th Cir. 1991). Although plaintiff need not precisely state each element of its claim, it must plead minimal factual allegations on material elements that must be proved. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Generally, a court may not look beyond the four corners of the complaint when deciding a Rule 12(b)(6) motion to dismiss. Dean Witter Reynolds, Inc. v. Howsam, 261 F.3d 956, 961 (10th Cir. 2001); Lassiter v. Topeka Unified Sch. Dist. No. 501, 347 F. Supp.2d 1033, 1040 (D. Kan. 2004). To look to matters outside the complaint, the court generally must convert the motion into a Rule 56 motion for summary judgment. See Fed. R. Civ. P. 12(c). The Court may, however, consider indisputably authentic copies of documents if plaintiff referred to them in the complaint and the documents are central to the claims. See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002); GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997); Lassiter, 347 F. Supp.2d at 1040.

## **Factual Background**

Plaintiffs' complaint alleges as follows:[1]

Defendant provides treatment for patients with Alzheimer's. In November of 2003, Cindy Frakes, a regional manager for defendant, took direct control of the facility, and Mary Barr worked as her assistant. All plaintiffs worked for defendant.[2]

Julie Tiemann worked for defendant for 24 years. In the fall of 2003, Tiemann served as unit supervisor. Tiemann's father passed away in late November of 2003, and she took several days off. She returned to work the day after Thanksgiving. Defendant next scheduled Tiemann to work on December 1, 2003. On December 1, Tiemann worked seven hours. Defendant then terminated her employment without providing any verbal or written counseling about performance concerns. Tiemann did not file a charge of discrimination with either the Kansas Human Rights Commission ("KHRC") or the Equal Employment Opportunity Commission ("EEOC").

Betty Matthews began employment with defendant around October of 1980. After Frakes took over the facility, Matthews, age 50, complained about inadequate staffing. On November 27, 2003, Matthews pushed a resident in a wheelchair while she carried a linen bag. Several days later Frakes accused Matthews of "cross-contaminating" and stated, "You are older – you know better." Complaint (Doc. #1) ¶ 80. On December 1, 2003, defendant terminated Matthews' employment. Defendant replaced Matthews with an employee who was under the age of 40. Matthews did not file a charge of

---

[1] The Court sets forth only those facts relevant to the two pending motions.

[2] The complaint does not allege the capacity in which plaintiffs worked for defendant or the exact dates of employment.

discrimination with either the KHRC or EEOC.

Hazel Lambert began her employment with defendant in 1977 as a "jack-of-all-trades." In February of 2004, Frakes asked Lambert if she was behind in her duties and offered assistance. Frakes stated to Lambert, "You know, you are getting up there in years." Complaint (Doc. #1) ¶ 39. On March 2, 2004, Lambert received a memo regarding office clean-up and organization. The next day, defendant told Lambert that she had grossly failed to perform her job duties and reduced her weekly hours from 40 to ten. Lambert told her supervisor that she needed to work more than ten hours each week. The supervisor told her to clean out her desk. Defendant replaced her with a young female. On November 2, 2004, Lambert filed a charge of discrimination with the EEOC. On November 10, 2004, Lambert amended her charge to reflect that she filed her complaint on her own behalf and on behalf of others similarly situated. On December 21, 2004, the EEOC sent Lambert a right-to-sue letter.

On March 4, 2005, plaintiffs filed suit against defendant. Plaintiffs' complaint sets forth the following counts: (Count I) wrongful discharge (Balfour, Clayborn, Tiemann, Williams, Matthews, Harris, Ivory, Frazier, Muturi, Russell, Smythe, Curnal, Gatson and Cockrum); (Count II) ERISA claims (Balfour, Lambert, Tiemann, Williams, Harris, Allen, Muturi, Smythe, Curnal and Gatson); (Count III) pattern and practice of age discrimination (Lambert, Tiemann, Matthews and Allen); (Count IV) Section 1981 race discrimination/retaliation (Williams, Ivory, Frazier and Gatson); (Count V) Fraud (Williams, Harris, Frazier, Russell, Smythe, Curnal and Gatson); and (Count VI) discrimination based on disability (Allen). In Count V, plaintiffs allege as follows:

> 157. Defendant made false representations to Plaintiffs Williams, Harris, Frazier, Russell, Smythe, Curnal, and Gatson, concerning their membership in the union.
> 158. Defendant knew the representations to be false or recklessly made to them without

> knowledge concerning their truth.
> 159. Defendant made the representations intentionally for the purpose of inducing Plaintiffs to rely upon them.
> 160. Plaintiffs reasonably relied upon Defendant's representations.
> 161. Plaintiffs sustained damage by relying upon Defendant's representations.

Complaint (Doc. #1). The complaint also alleges that someone told plaintiffs they would be members of a union. For Frazier, Russell, Smythe and Gatson, the complaint does not specifically identify who provided this information. Harris alleges that "management" told her this, and Curnal alleges that "HR" told her this. Williams, Russell, Smythe and Curnal also allege that they were told that defendant would pay their union dues. Williams specifically alleges that Colleen Sells, director of human resources, gave her this information. All plaintiffs except Frazier allege that the misrepresentations were made "upon hiring." Frazier does not allege any time frame. While the complaint alleges that plaintiffs "sustained damage by relying upon Defendant's representations," it does not allege any specifics as to the harm suffered.

Defendant argues that Matthews and Tiemann failed to exhaust administrative remedies on their age discrimination claim and that in Count V, plaintiffs did not plead their fraud claims with particularity. Plaintiffs contend that all parties exhausted administrative remedies under the single filing exception and that plaintiffs' complaint alleges fraud with sufficient particularity. If the Court disagrees, plaintiffs seek leave to amend their complaint.

## Analysis

### I.     **Motion For Partial Dismissal For Failure To State A Claim**

Defendant argues that because Matthews and Tiemann did not file a charge with the KHRC or EEOC, they did not exhaust administrative remedies and the Court must dismiss their claims for age

discrimination under Count III.[3] Plaintiffs contend that Lambert's timely filed charge of age discrimination for herself and on behalf of others similarly situated serves to exhaust their age discrimination claim under the single filing rule.

Before a federal court may exercise jurisdiction over plaintiffs' ADEA claims, they must first exhaust their administrative remedies with the EEOC. See Creason v. Seaboard Corp., 263 F. Supp.2d 1297, 1309 (D. Kan. 2003). To exhaust administrative remedies, a plaintiff generally must present claims to the EEOC or authorized state agency (in Kansas, the KHRC) as part of a timely filed administrative EEOC charge, and receive a right-to-sue letter based on that charge. Simms v. Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999); see Jones v. Runyon, 91 F.3d 1398, 1399-1400 (10th Cir. 1996). The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b). The charge tells the EEOC or the KHRC what to investigate, provides it the opportunity to conciliate the claim, and gives the charged party notice of the alleged violation. Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir. 1997). The requirement to present claims in an EEOC or state agency charge as a prerequisite to bringing suit serves the dual purposes of (1) ensuring that the administrative agency has the opportunity to investigate and conciliate the claims; and (2) providing notice to the charged party of the claims against it. See id.; Bland v. K.C.K. Cmty. Coll., 271 F. Supp.2d 1280, 1283 (D. Kan. 2003); cf.

---

[3] In the Motion For Partial Dismissal For Failure To State A Claim (Doc. #44), defendant argues that *Lambert* and Tiemann – not Matthews and Tiemann – failed to exhaust. The text of defendant's accompanying memorandum (Doc. #45) argues that Matthews, rather than Lambert, failed to exhaust. It also clarifies that Lambert filed a charge of discrimination. The Court construes the two documents as asserting that Matthews and Tiemann failed to exhaust.

Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 127 (7th Cir. 1989) (allowing complaint to encompass allegations outside ambit of predicate EEOC charge would circumvent EEOC's investigatory and conciliatory role and deprive charged party of notice of charge, as would initial failure to file timely EEOC charge). Plaintiff must have raised before the KHRC or EEOC every issue he or she now brings, or any additional claim must be "reasonably related" to the claims that he or she did bring before the EEOC. See Jones v. Denver Post Corp., 203 F.3d 748, 755 (10th Cir. 2000) (citing Aramburu v. Boeing Co., 112 F.3d 1398, 1409 (10th Cir. 1997)).

Under 29 U.S.C. §§ 626(d)(2) and 633(b), plaintiff must exhaust administrative remedies with respect to each discrete alleged discriminatory act by filing an EEOC charge within 180 days after the date on which the act occurred. According to 42 U.S.C. § 2000e-5(e)(1), an aggrieved person must file an EEOC charge within 180 days after the alleged unlawful employment practice unless the person instead "has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e)(1). If a state or local agency possesses jurisdiction to grant or seek relief for the alleged unlawful employment practice, the EEOC will defer its jurisdiction to that agency, and the complainant will be allowed 300 days to initiate his or her complaint with that agency. 42 U.S.C. §§ 2000e-5(c) and (e); 29 C.F.R. § 1601.70. See Mascheroni v. Bd. of Regents, 28 F.3d 1554, 1557 n.3 (10th Cir. 1994). Otherwise, the complainant has only 180 days to file a formal EEOC charge. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). This administrative exhaustion requirement runs separately from the date of each discrete act of discrimination. "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it." Id. at 110. The time

7

period for filing a charge is subject to equitable doctrines such as tolling and estoppel. See id. (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (timely charge of discrimination not jurisdictional prerequisite to federal suit, but like statute of limitations is subject to waiver, estoppel and equitable tolling)). Such doctrines are to be applied sparingly. Id. at 110. Morgan abrogates the continuing violation doctrine for claims of discrimination or retaliation, and replaces it with rule that each discrete incident constitutes an "unlawful employment practice" for which administrative remedies must be exhausted. Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (discrete acts such as termination, failure to promote, denial of transfer or refusal to hire are easy to identify and constitute separate actionable unlawful employment practices).

Courts recognize a "single filing" exception to this individual filing requirement which allows a plaintiff who did not file a charge with the EEOC to "piggyback" her claim on an EEOC complaint filed by someone who is similarly situated. See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1110 (10th Cir. 2001).

> In a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement.

Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1198 (10th Cir. 2004) (quoting Allen v. United States Steel Corp., 665 F.2d 689, 695 (5th Cir. 1982)).

Plaintiffs concede that Tiemann and Matthews did not file a charge of discrimination with the KHRC or the EEOC. Plaintiffs argue that the single filing exception applies and that Lambert's timely filed charge exhausted the age discrimination claims of all plaintiffs. Unless Matthews and Tiemann's claims can

8

be piggybacked to Lambert's EEOC charge, the Court must dismiss them for failure to exhaust administrative remedies. To determine whether the single filing exception applies here, the Court must first determine whether each of the non-filing plaintiffs could have filed a timely EEOC charge when Lambert filed her charge. Thiessen, 267 F.3d at 1111; Lange v. Cigna Individual Fin. Servs. Co., 766 F. Supp. 1001, 1003 (D. Kan. 1991). Here, defendant terminated the employment of both Matthews and Tiemann on December 1, 2003. They had 300 days – until September 27, 2004 – to file a charge of discrimination with the EEOC.[4] Lambert did not file her charge with the EEOC until November 2, 2004. Matthews and Tiemann could not have timely filed a charge at the time Lambert filed her charge. Therefore, they cannot piggyback their claims onto Lambert's EEOC charge. Matthews and Tiemann have not exhausted their administrative remedies as to their age discrimination claim in Count III. The Court therefore sustains defendant's motion for partial dismissal (Doc. #44) and dismisses Matthews' and Tiemann's age discrimination claims. The Court need not analyze whether the claims arose from similar discriminatory treatment.

## II.   Motion To Dismiss Count V Of Plaintiffs' Complaint

Defendant next argues that plaintiffs did not plead their Count V fraud claims with sufficient particularity. Plaintiffs seek leave to amend their complaint and "replead their fraud claims with more particularity" if the Court finds in favor of defendant on this issue. Plaintiff's [sic] Brief In Opposition To Defendant's Motion To Dismiss Plaintiffs' Fraud Claims (Doc. #57) filed October 21, 2005.

To meet the particularity requirement of Rule 9(b), Fed. R. Civ. P., the complaint must "set forth

---

[4]   The Court takes judicial notice that 2004 was a leap year.

the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Full Faith Church of Love West, Inc., v. Hoover Treated Wood Prods., Inc., 224 F. Supp.2d 1285, 1294 (D. Kan. 2002) (quoting Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1352 (10th Cir. 1997)).

Here, all but Frazier allege that someone made false statements when defendant hired them. Williams, Russell and Curnal allege the specific month and year of hiring, while Harris and Gatson allege only the numbers of years of employment, and Smythe alleges only the year in which defendant hired her. See Plastic Packaging Corp. v. Sun Chem. Corp., 136 F. Supp.2d 1201, 1204 (D. Kan. 2001) (misrepresentation made during year-and-a-half period not sufficiently precise time frame to satisfy Rule 9(b)). Frazier gives no facts whatsoever as to when the false representations were made or who made them. Only two of the seven plaintiffs allege who made the misrepresentations, and none of these plaintiffs identify a specific individual. See Gottstein v. Nat'l Ass'n for the Self Employed, 53 F. Supp.2d 1212, 1223 (D. Kan. 1999) (plaintiff must identify specific individual who made alleged misrepresentations). Furthermore, no plaintiffs set forth facts as to the harm caused by their reliance on defendant's alleged misrepresentation. Accordingly, plaintiffs' fraud claim does not comply with Rule 9(b), Fed. R. Civ. P. The Court sustains defendant's motion to dismiss Count V of the complaint.

Leave to amend is a matter committed to the sound discretion of the district court. Rule 15(a), Fed. R. Civ. P., provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend. Heslop v. UCB, Inc., 175 F. Supp.2d 1310, 1313 (D. Kan.

2001). Prejudice under Rule 15 means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party. Id.

Defendant opposes plaintiffs' request to amend, stating that because they can prove no set of facts which support their fraud claims, amendment would be futile. Specifically, defendant contends that because Kansas law requires unions to protect union members and non-members alike, and the collective bargaining agreement covered all of its eligible employees, plaintiffs cannot show that they suffered damage by relying on statements that they were members of a union. The collective bargaining agreement is not part of the record before the Court, however, and the Court is not convinced that amendment would be futile. Furthermore, defendant does not claim it would be prejudiced by amendment.

Plaintiffs seek leave to file an amended complaint in the event the Court finds that Count V should be dismissed. The proper method for seeking leave to amend is to file a motion under D. Kan. Rule 15.1, attaching a copy of the proposed amendment. Plaintiffs' request is therefore overruled.

**IT IS THEREFORE ORDERED** that defendant's Motion For Partial Dismissal For Failure To State A Claim (Doc. #44) filed September 21, 2005 be and hereby is **SUSTAINED**. The age discrimination claims of Matthews and Tiemann under Count III are dismissed.

**IT IS FURTHER ORDERED** that Motion To Dismiss Count V Of Plaintiffs' Complaint (Doc. #46) filed September 21, 2005 be and hereby is **SUSTAINED**.

Dated this 9th day of February, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge